IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Action No. 08-cr-00472-REB
(Removal from County Court, Baca County
***People of the State of Colorado v. Royce F. Lock,***
Case No. 2008-M-000091)

PEOPLE OF THE STATE OF COLORADO,

v.

ROYCE EARL LOCK,

      Defendant.

## ORDER FOR SUMMARY REMAND AND DISMISSAL

**Blackburn, J.**

      Defendant, Royce Earl Lock, filed ***pro se*** on November 14, 2008, a "Notice of Removal" in which he stated that he was removing to this court ***People of the State of Colorado v. Royce F. Lock,*** Case No. 2008-M-000091, from the County Court of Baca County. Therefore, the instant criminal action was opened in this court. The court notes in this order, as it did in the Order for Summary Remand entered on November 18, 2008, that the defendant in No. 2008-M-000091 is Royce F. Lock, not Royce Earl Lock, the defendant in the instant action.

      The Order for Summary Remand remanded No. 2008-M-000091 from this court to the County Court of Baca County. The reasons for the summary remand are stated in detail in the November 18, 2008, Order for Summary Remand. On June 25, 2009, the United States Court of Appeals for the Tenth Circuit denied Mr. Lock's petition for a writ of mandamus filed in this case, noting that "[t]o the extent that he seeks this court's

assistance in enforcing the purported judgment issued by his own 'one supreme Court' his petition is frivolous." **See In re: Lock**, No. 09-1166, slip op. at 1 (10th Cir. June 25, 2009).

On September 25, 2009, Mr. Lock submitted a document titled "Note to the Clerk," two documents titled "Notice of Removal," and various supplemental documents through which he again seeks to remove to this court No. 2008-M-000091 from the County Court of Baca County.

The court must construe Mr. Lock's filings liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a **pro se** litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the clerk of the court will be directed to file Mr. Lock's filings in the instant action, No. 2008-M-000091 will be remanded summarily to the County Court of Baca County, and the instant action will be dismissed.

Pursuant to 28 U.S.C. § 1447(d) an order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the state court from which it was removed pursuant to 28 U.S.C. § 1443 shall be reviewable by appeal or otherwise. As previously stated, the instant action was remanded on November 18, 2008, to the County Court of Baca County pursuant to 28 U.S.C. § 1446(a). Therefore, the remand order is not reviewable on appeal or otherwise. This case will be dismissed.

**THEREFORE, IT IS ORDERED** as follows:

1. That the clerk of the Court is directed to file the filings submitted on

September 25, 2009, by Royce Earl Lock, in the instant action, *People of the State of Colorado v. Lock*, Criminal Action No. 08-cr-00472-REB;

2. That *People of the State of Colorado v. Royce F. Lock,* Case No. 2008-M-000091, is remanded summarily to the County Court of Baca County;

3. That the instant criminal action is dismissed; and

4. That the clerk of this Court shall mail a certified copy of this order to the clerk of the County Court of Baca County.

DATED at Denver, Colorado, this 20th day of October, 2009.

BY THE COURT:

Bob Blackburn
ROBERT E. BLACKBURN
**United States District Judge**